Mr. Justice Thacher
delivered the opinion of the court.
This is a writ of error to Kemper count]/- circuit court.
Jacoway instituted an action of assumpsit upon a promissory note, made by Young payable to plaintiff. Upon the trial, Young introduced in evidence an instrument in writing, which *215 was proved to be the contract which constituted the consideration for which the promissory note was made. The instrument was in these words: “ This is to certify, I set over to Samuel Young one fourth of the interest of Ish-te-monte and Ish-pally, settled or located • on section 34, township 21, range 3, west, this the 17th day of May, 1842. Benj. J. Jacoway.” The plaintiff below then sought to show by a witness, that the understanding between the parties to this contract was, that Jacoway passed to Young only the interest which he held in the land without liability or guaranty upon his part; and also, by another witness, the nature of the claim of Jacoway to the land. In this desire he was indulged by the court below against the opposition of the defendant.
In the written contract there is no ambiguity. It purports to assign a portion of the interest of two Indians to a certain tract of land. The evidence went to show an assignment of another person’s interest, and also to limit the extent of that assignment. At law, a contract cannot rest partly in writing and partly in parol, and it is only in equity, as a general rule, that the true intent of a written contract can be shown by parol, when from mistake the contract does not exhibit truly the intention of the parties. The object of the plaintiff was to show that there was a mistake, and an omission in the written contract, and to correct that mistake and supply that omission. Such evidence has been properly held to be inadmissible. Peques v. Mosby et al., 7 S. & M. 340. The instructions of the court having been given with a view to evidence improperly admitted, were, as far as based upon that evidence, erroneous.
The judgment must be reversed, and a new trial granted by the court below.